Joseph M. Mabe, OSB No. 045286
Email: joe@sapientlaw.com
Neal S. Shechter, OSB No. 185119
Email: neal@sapientlaw.com
Keith A Pitt, OSB No. 973725
Email: keith@sapientlaw.com
SAPIENT LAW
425 NW 10th Avenue, Ste 200
Portland, OR  97209
Phone: 503.417.7777
*Of Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BAEK FAMILY PARTNERSHIP, LLC, an Oregon limited liability company, AB HOLLYWOOD, LLC, an Oregon limited liability company, MY, LLC, an Oregon limited liability company, and THE PENNEY KIM TRUST, by and through its Trustee, PENNEY KIM, on behalf of themselves and all others similarly situated, | Case No. 25-cv-00584-AN |
| | DECLARATION OF JOSEPH M. MABE MABE IN SUPPORT OF PLAINTIFFS' MOTION FOR EXTENSION OF DEADLINE TO COMPLETE SERVICE ON DEFENDANTS |
| Plaintiffs, | |
| v. | |
| WAMPLER, CARROLL, WILSON & SANDERSON, P.L.L.C., a Tennessee professional corporation, WADE LAW, LLC, a Tennessee limited liability company, J. LUKE SANDERSON, an individual, and B.J. WADE, an individual, JESSICA MOLLIGAN, an individual, and JOHN DOES 1 – 50 | |
| Defendants, | |
| CONNER SLEVIN, an individual, and JOHN DOES 51 - 100, | |
| Nominal Defendants. | |

PAGE 1 – DECLARATION OF JOSEPH M. MABE IN
SUPPORT OF PLAINTIFFS' MOTION FOR
EXTENSION OF DEADLINE TO COMPLETE
SERVICE ON DEFENDANTS

I, Jospeh M. Mabe, declare under the penalty of perjury:

1.     I am one of the attorneys for Plaintiffs in this matter. I have personal knowledge of the information in this declaration and/or make this declaration on information and belief.  I am over 18 years of age and competent to testify to the information in this declaration.

2.     I make this declaration in support of Plaintiffs' Motion for Extension of Deadline to Complete Service on Defendants filed contemporaneously.

3.     **Wampler, Carroll, Wilson & Sanderson, P.C. and J. Luke Sanderson**. On or about June 12, 2025, my office sent Waivers of Service to Defendant Wampler, Carroll, Wilson & Sanderson, P.L.L.C. ("Wampler") and to Defendant J. Luke Sanderson ("Sanderson") pursuant to FRCP 4(d)(1). Sanderson is an attorney employed by Wampler, a Tennessee-based law firm. Attached as *Exhibit 1* are true and accurate copies of these Waivers of Service sent to Wampler and Sanderson.

4.     Plaintiffs have not yet received returned Waivers from either Defendant Wampler or Defendant Sanderson. July 14, 2025 is the 30-day deadline to return their Waivers of Service to Plaintiffs, which is five days after the current July 9, 2025 deadline to complete service pursuant to FRCP 4(m) and Local Rule 4-4.

5.     Plaintiffs therefore seek an extension of the current service deadline by 60 days for good cause—specifically, in order to allow Defendants Wampler and Sanderson a full 30 days to return Waivers of Service to Plaintiffs and enjoy the benefit of additional time to file Answers pursuant to FRCP 4(d)(3) and avoid potential service-related expenses and related attorney fees pursuant to FRCP 4(d)(2). Additionally, Plaintiffs move for this extension in order to provide adequate time to complete service by other means in the event Defendants Wampler and Sanderson fail or refuse to return the Waivers of Service.

PAGE 2 – DECLARATION OF JOSEPH M. MABE IN
SUPPORT OF PLAINTIFFS' MOTION FOR
EXTENSION OF DEADLINE TO COMPLETE
SERVICE ON DEFENDANTS

6.     News reports about this class action reveal that Defendant Sanderson has publicly acknowledged actual notice of the Complaint. For example, a local CBS affiliate news station reported, "Sanderson — of Wampler, Carroll, Wilson & Sanderson — told KOIN 6 News on Friday, 'This lawsuit is wholly without merit. We are grateful for the opportunity to have represented individuals who have been denied access to public facilities based on their disabilities. This lawsuit will be vigorously defended, and we will prevail.'" Michaela Bourgeois, *Oregon businesses allege Tennessee law firms led $80M RICO scheme over ADA complaints*, KOIN 6 NEWS, Apr. 11, 2025, at 2, https://www.koin.com/news/oregon/oregon-businesses-allege-tennessee-law-firms-led-80m-rico-scheme-over-ada-complaints/.

7.     Attached as *Exhibit 2* is a true and correct copy of the online news article cited above.

8.     Based on Defendant Sanderson's public statements to journalists, granting this Motion will allow Plaintiffs to ensure formal compliance with the service rules, in addition to the informal actual notice that Defendants Wampler and Sanderson have received. Granting the requested extension will also allow Defendant Sanderson and his law firm (Defendant Wampler) the time needed to waive service, minimize expenses, and appear in this matter expeditiously.[1]

9.     **B.J. Wade and Wade Law LLC.** To date, Plaintiffs have not been able to locate a business or office address for attorney B.J. Wade, nor his firm Wade Law LLC, and therefore have not been able to complete service via mailing, office service, nor by any other method allowed by ORCP 7D(3)(c). Upon information and belief, Defendant B.J. Wade is an individual, Tennessee licensed attorney, residing in the State of Tennessee.

10.    Plaintiffs have not been able to complete personal service nor substitute service on

---

[1] The Federal Rules of Civil Procedure, including FRCP 4, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." FRCP 1.

PAGE 3 – DECLARATION OF JOSEPH M. MABE IN
SUPPORT OF PLAINTIFFS' MOTION FOR
EXTENSION OF DEADLINE TO COMPLETE
SERVICE ON DEFENDANTS

SAPIENT LAW
425 NW 10th Avenue, Suite 200
Portland, OR 97209
phone  503 417 7777
fax  503 417 4250

Defendant B.J. Wade, nor by any other method allowed by ORCP 7D(3)(a). Plaintiffs have been

unable to locate contact information for B.J. Wade after conducting multiple searches—including

searches of PACER, the Tennessee Bar Association and the Tennessee Board of Professional

Responsibility. The Tennessee Board of Professional Responsibility governs the licensing of

attorneys in Tennessee as an administrative agency of the Supreme Court of Tennessee pursuant to

Tenn. R. App. P., Rule 9, Section 4.  Further, Plaintiffs are preparing a public records request for the

contact information that the Tennessee Board of Professional Responsibility has for B.J. Wade, as

this regulatory body requires that licensed attorneys provide an internal annual report with residential

and office addresses. Tenn. R. App. P., Rule 9, Section 10.1. Attached as *Exhibit 3* is a true and

correct copy of the limited public information available for B.J. Wade on the Tennessee Board of

Professional Responsibility website.

11.     Additionally, Plaintiffs have located an active and ongoing criminal case in Tennessee

state court naming B.J. Wade as a Defendant: The State of Tennessee vs. BJ Wade, case C2200534

(filed February 8, 2022).  Plaintiffs attempted personal service at the residential address for B.J.

Wade that was noted in the court's docket for that criminal case, but the process server was told that

B.J. Wade no longer lived at this address.

12.     As reflected in the court docket, on August 7, 2025, Defendant B.J. Wade is scheduled

to appear at a "final setting for disposition" hearing for the Tennessee criminal matter. Plaintiffs plan

to attempt personal serve on Defendant B.J. Wade on that date at that Tennessee courthouse as well.

13.     Plaintiffs have learned that Defendant Wade Law LLC may not be a registered

business entity with the Tennessee Secretary of State. Plaintiffs have not yet been able to otherwise

locate any contact information for this Defendant. Therefore, neither waivers of service, standard

office service, mail service, nor any of the ORCP 7D(3)(c)(i) service methods upon an LLC have

PAGE 4 – DECLARATION OF JOSEPH M. MABE IN
SUPPORT OF PLAINTIFFS' MOTION FOR
EXTENSION OF DEADLINE TO COMPLETE
SERVICE ON DEFENDANTS

SAPIENT LAW
425 NW 10th Avenue, Suite 200
Portland, OR 97209
phone  503 417 7777
fax  503 417 4250

been successful/available to date.

14.     In fact, Plaintiffs were contacted by an agent of a different registered Tennessee business entity—also named Wade Law LLC—who represented that separate law firm was in no way affiliated with Defendant B.J. Wade, nor with any of the other Defendants in this class action. Plaintiffs request additional time to serve Defendant Wade Law LLC by and through its apparent agent, Defendant B.J. Wade.

15.     Similar to Defendant Sanderson, B.J. Wade appears to have verified to journalists that he has actual notice of the Complaint in this matter. Staff, *High Profile Memphis Attorneys Accused Of 'Shaking Down' Small Businesses With Disabilities Law*, FOX13 MEMPHIS NEWS, Apr. 11, 2025, https://www.fox13memphis.com/news/high-profile-memphis-attorneys-accused-of-shaking-down-small-businesses-with-disabilities-law/article_b47df9d3-84a4-46ff-8785-b3004d4f81cb.html.

16.     Attached as *Exhibit 4* is a true and correct copy of the online news article cited above.

17.     **Conner Slevin.** Upon information and belief, Nominal Defendant Conner Slevin ("Slevin") is an individual residing in the State of Oregon. Plaintiff submitted a Waiver of Service to Defendant Slevin by and through his Oregon-based legal counsel, Michael Fuller. As with Wampler and Sanderson above, additional time is requested in order to complete a wavier of service or pursue alternative methods of service.

18.     **Jessica Molligan.** Service upon Defendant Jessica Molligan is complete. On or about June 13, 2025, a Waiver of Service was filed in the Court's docket for this matter. Dkt 9.

19.     **John Does 1-50 & John Does 51-100.** Upon information and belief, are Local Counsel who knowingly and materially participated in the illegal scheme described herein. As explained in Plaintiffs' Complaint, further investigation will be required to determine the identities, roles, and responsibilities of John Does 1-50 and John Does 51-100. Given the presently unknown

SAPIENT LAW
425 NW 10th Avenue, Suite 200
Portland, OR 97209
phone 503 417 7777
fax 503 417 4250

identities of these "John Doe" Defendants, Plaintiffs intend to amend their Complaint as appropriate and complete service once the identities of these parties are known.

I hereby declare that the above statement is true to the best of my knowledge and belief, and I understand it is made for use as evidence in court and is subject to penalty for perjury.

Dated:  <u>July 9, 2025</u>

By: <u>s/ Joseph M. Mabe</u>
Joseph M. Mabe, OSB No. 045286
Email: joe@sapientlaw.com
Declarant

PAGE 6 – DECLARATION OF JOSEPH M. MABE IN
SUPPORT OF PLAINTIFFS' MOTION FOR
EXTENSION OF DEADLINE TO COMPLETE
SERVICE ON DEFENDANTS

SAPIENT LAW
425 NW 10th Avenue, Suite 200
Portland, OR 97209
phone  503 417 7777
fax  503 417 4250

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT

for the

District of Oregon

| | |
|---|---|
| BAEK FAMILY PARTNERSHIP, LLC, et al. | ) |
| _Plaintiff_ | ) |
| v. | ) |
| WAMPLER, CARROLL, WILSON & SANDERSON, P.L.L.C., et al, | ) |
| _Defendant_ | ) |

Civil Action No.   3:25-cv-00584-AN

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:  WAMPLER, CARROLL, WILSON & SANDERSON, P.L.L.C.,

_(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)_

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court.  It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver.  To avoid these expenses, you must return the signed waiver within ___30__ days _(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)_ from the date shown below, which is the date this notice was sent.   Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court.  The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you.  And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:   06/12/2025

s/Jospeh M. Mabe

_Signature of the attorney or unrepresented party_

Joseph M. Mabe, OSB No. 045286

_Printed name_

Sapient Law
425 NW 10th Ave., Ste. 200
Portland, OR  97209

_Address_

joe@sapientlaw.com

_E-mail address_

503.417.7777

_Telephone number_

**EXHIBIT 1, Page 1 of 4**

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Oregon

| | | |
|---|---|---|
| BAEK FAMILY PARTNERSHIP, LLC, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  3:25-cv-00584-AN |
| WAMPLER, CARROLL, WILSON & SANDERSON, P.L.L.C., et al, | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To:  Joseph M. Mabe
_____
     *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____06/12/2025_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  _____06/12/2025_____

_____
*Printed name of party waiving service of summons*

s/Jospeh M. Mabe
_____
*Signature of the attorney or unrepresented party*

Joseph M. Mabe, OSB No. 045286
*Printed name*

Sapient Law
425 NW 10th Ave., Ste. 200
Portland, OR  97209
*Address*

joe@sapientlaw.com
*E-mail address*

503.417.7777
*Telephone number*

---

### Duty to Avoid Unnecessary Expenses of Serving a Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

**EXHIBIT 1, Page 2 of 4**

AO 398 (Rev. 01/09) Notice of a Lawsuit and Request to Waive Service of a Summons

# UNITED STATES DISTRICT COURT
for the
District of Oregon

| | |
|---|---|
| BAEK FAMILY PARTNERSHIP, LLC, et al. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   3:25-cv-00584-AN |
| WAMPLER, CARROLL, WILSON & SANDERSON, P.L.L.C., et al, | ) |
| *Defendant* | ) |

## NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF A SUMMONS

To:   J. LUKE SANDERSON

*(Name of the defendant or - if the defendant is a corporation, partnership, or association - an officer or agent authorized to receive service)*

**Why are you getting this?**

A lawsuit has been filed against you, or the entity you represent, in this court under the number shown above. A copy of the complaint is attached.

This is not a summons, or an official notice from the court. It is a request that, to avoid expenses, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must return the signed waiver within   30   days *(give at least 30 days, or at least 60 days if the defendant is outside any judicial district of the United States)* from the date shown below, which is the date this notice was sent. Two copies of the waiver form are enclosed, along with a stamped, self-addressed envelope or other prepaid means for returning one copy. You may keep the other copy.

**What happens next?**

If you return the signed waiver, I will file it with the court. The action will then proceed as if you had been served on the date the waiver is filed, but no summons will be served on you and you will have 60 days from the date this notice is sent (see the date below) to answer the complaint (or 90 days if this notice is sent to you outside any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will arrange to have the summons and complaint served on you. And I will ask the court to require you, or the entity you represent, to pay the expenses of making service.

Please read the enclosed statement about the duty to avoid unnecessary expenses.

I certify that this request is being sent to you on the date below.

Date:   06/12/2025

                         s/Jospeh M. Mabe
*Signature of the attorney or unrepresented party*

              Joseph M. Mabe, OSB No. 045286
*Printed name*

                      Sapient Law
           425 NW 10th Ave., Ste. 200
              Portland, OR  97209
*Address*

                joe@sapientlaw.com
*E-mail address*

                   503.417.7777
*Telephone number*

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

District of Oregon

| | |
|---|---|
| BAEK FAMILY PARTNERSHIP, LLC, et al. | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   3:25-cv-00584-AN |
| WAMPLER, CARROLL, WILSON & SANDERSON, P.L.L.C., et al, | ) |
| *Defendant* | ) |

## WAIVER OF THE SERVICE OF SUMMONS

To:   Joseph M. Mabe
     *(Name of the plaintiff's attorney or unrepresented plaintiff)*

     I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

     I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

     I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

     I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from     06/12/2025    , the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
     *Signature of the attorney or unrepresented party*

_____
     *Printed name of party waiving service of summons*

_____
     *Printed name*

_____
     *Address*

_____
     *E-mail address*

_____
     *Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

     Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

     "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

     If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

     If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

Oregon businesses allege Tennessee law firms led $80M RICO scheme over ADA complaints

# Oregon businesses allege Tennessee law firms led $80M RICO scheme over ADA complaints



PORTLAND, Ore. (**KOIN**) – A group of Oregon businesses filed a class action lawsuit on Thursday, alleging two law firms in Tennessee led an $80 million racketeering scheme — claiming the businesses were violating the Americans with Disabilities Act and demanded extortion.

Filed in the U.S. District Court in Portland, the lawsuit involves more than 100 class members, including four Oregon businesses: Baek Family Partnership, AB Hollywood, My LLC, and The Penney Kim Trust.

The suit alleges the law firms — Wampler, Carroll, Wilson & Sanderson P.L.L.C. and Wade Law, LLC. — "improperly enriched themselves by hiring disabled persons to unwittingly serve as fraudulent 'testers' of local businesses for ADA compliance purposes."

13 international students at Oregon State, 2 at Portland State face deportation over revoked visas

During the scheme, the firms created a database mapping out tens of thousands of victims to target with potential ADA violations across more than 15 states, the suit alleges.

Then, the firms paid the testers $200 to visit the business targets, and instead of asking the testers to inspect the property for ADA compliance, testers were asked to buy a candy bar from the businesses and take a photo documenting their on-site visit, court documents claim.

"Rather than sending the fake testers to a particular property to 'test' for a specific violation or violations of the ADA, the Wampler defendants told the fake tester that all the fake testers needed to do was visit the victim's property, purchase an item and upload a picture of the receipt item. The Wampler defendants expressly told the fake testers not to concern themselves with actually finding, confirming, encountering, or even attempting to encounter a specific obstacle or barrier in violation of the ADA. 'There is no need for you to inspect anything,' the Wampler defendants wrote, 'because that has already been done,'" the lawsuit alleges, noting, unbeknownst to the testers, the firms lied about the existence of a third-party inspection of the businesses.

Close

**EXHIBIT 2, Page 1 of 2**

Subscribe Now

# KOIN Morning Digest

The firms then connected the fake testers to local attorneys "who were hand-picked to facilitate the Wampler ADA racket," the suit alleges, noting the testers' legal counsel would send extortionate demands to the businesses, claiming their clients experienced ADA-related barriers on the property. These potential violations focused on accessibility issues such as the width of painted parking spaces, the angle of parking lot access ramps and signage visibility.

The letters stated that all purported ADA violations could be remediated by the property owner by paying attorney fees, according to court documents.

In total, the firms sent more than 4,000 demand letters and filed over 1,000 federal district court complaints, the lawsuit alleges.

Travel + Leisure names 'hypnotic' destination the most beautiful in Oregon

Named in the lawsuit, J. Luke Sanderson — of Wampler, Carroll, Wilson & Sanderson — told KOIN 6 News on Friday, "This lawsuit is wholly without merit. We are grateful for the opportunity to have represented individuals who have been denied access to public facilities based on their disabilities. This lawsuit will be vigorously defended, and we will prevail."

Representatives with Wade Law Firm could not be reached. This story will be updated if we receive a response.

With the class action lawsuit, attorneys representing the businesses say they want to restore trust in the ADA.

"The Americans with Disabilities Act was created, in part, to ensure equal access for all and its honest enforcement helps do that. It is not a tool for unscrupulous lawyers to line their pockets through fraudulent claims. This lawsuit aims to restore faith in the ADA and on behalf of small business owners who were the disproportionate victims of this shakedown," said Joseph Mabe, lead attorney representing the plaintiffs with Sapient Law.

ATTORNEY LOGIN 🔒

Board of Professional Responsibility
of the Supreme Court of Tennessee

Search

ABOUT THE BOARD     FOR THE PUBLIC     FOR LEGAL PROFESSIONALS     NEWS & PUBLICATIONS

# Attorney Details

**Name:**
Wade, B. J.

**Public Phone Number:**
901-205-3601

**BPR Number:**
005182

**Status:**
Active

**Office County:**
Benton

**Licensed in TN Since:**
1976

**Law School:**
University of Memphis - Cecil C. Humphreys School of Law

## Public Information:

**No Public Information Available**

## Informational Releases for Public Discipline:

| Date | Title |
| --- | --- |
| 08/21/2015 | Petition for Discipline filed - #2015-2480-9-AW |

## Names Used:

| Name |
| --- |
| B. J. Wade |

\* Information accurate as of Tuesday, March 11, 2025 09:00 AM CDT

## Mission Statement

ABOUT THE BOARD

FOR THE PUBLIC

FOR LEGAL PROFESSIONALS

NEWS & PUBLICATIONS

LINKS OF INTERESTS

To assist the Court in protecting the public from harm from unethical lawyers by administering the disciplinary process; to assist the public by providing information about the judicial system and the disciplinary system for lawyers; and, to assist lawyers by interpreting and applying the Court's disciplinary rules.

© 2025 Board of Professional Responsibility of the Supreme Court of Tennessee.

PRIVACY STATEMENT  |  DISCLAIMER

2024-02

7/8/25, 12:11 PM                        High profile Memphis attorneys accused of 'shaking down' small businesses with disabilities law

# High profile Memphis attorneys accused of 'shaking down' small businesses with disabilities law

MEMPHIS, Tenn. - Some of Memphis' most high-profile attorneys are accused of "shaking down" small businesses for profit and taking advantage of a law designed to help people with disabilities.

The 40-page lawsuit filed in federal court claims the attorneys targeted thousands of companies for millions of dollars in an elaborate scheme that lasted years.

It was filed against the law firm of Wampler, Carroll, Wilson, and Sanderson in Memphis. Specifically, the lawsuit named a lawyer at the office named J. Luke Sanderson and attorney B.J. Wade, a well-known name in the local legal industry. The auditorium at the University of Memphis Law School is named after him.

The federal lawsuit lays out a scheme that lasted for years where the defendant lawyers would contact disabled persons across the country and pay them $200 to visit different businesses. It would instruct the disabled persons, or "fake testers," to buy a candy bar, keep the receipt, and take a picture at the business. Then, lawyers would send those businesses a demand letter, accusing them of violating the Americans with Disabilities Act (ADA).

The lawsuit says the defendants did not concern themselves with actually finding or confirming any violation of the ADA but would still threaten a lawsuit and offer to settle the dispute with a payment of attorney fees.

The lawsuit says they did this at least 4,000 times and pulled in millions of dollars in the scheme.

In response to the lawsuit, attorney J. Luke Sanderson said, "This lawsuit is wholly without merit.  We are grateful for the opportunity to have represented individuals who have been denied access to public facilities based on their disabilities.  This lawsuit will be vigorously defended, and we will prevail."

Attorney B.J. Wade also responded to the lawsuit. In a statement he sent to FOX13, Wade called the lawsuit "chock full of lies" and "frivolous."

"This lawsuit filed in Portland, Oregon by clumsy local lawyers is chock full of lies and is one of the worst I've seen in 49 years of practicing law. My word of wisdom to the lawyers and parties who filed this frivolous lawsuit suit is, 'Get your checkbooks out because you're going to pay us thousands of dollars in sanctions,'" Wade said.

**EXHIBIT 4, Page 1 of 1**