Joseph M. Mabe, OSB No. 045286
Email: joe@saltlawgroup.com
Keith A. Pitt, OSB No. 973725
Email: keith@ saltlawgroup.com
Neal S. Shechter, OSB No. 185119
Email:  neal@ saltlawgroup.com
SALT
100 SW Main Street, Suite 1025
Portland, OR  97204
Phone: 503.417.7777

*Of Attorneys for Plaintiffs Baek Family Partnership, LLC, AB Hollywood, LLC, MY, LLC, and The Penney Kim Trust on behalf of themselves and all others similarly situated*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BAEK FAMILY PARTNERSHIP, LLC, an Oregon limited liability company, AB HOLLYWOOD, LLC, an Oregon limited liability company, MY, LLC, an Oregon limited liability company, and The PENNEY KIM TRUST, by and through its Trustee, PENNEY KIM, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>     v.<br><br>WAMPLER, CARROLL, WILSON & SANDERSON, P.L.L.C., a Tennessee professional corporation, WADE LAW, LLC, a Tennessee limited liability company, J. LUKE SANDERSON, an individual, and B.J. WADE, an individual, JESSICA MOLLIGAN, an individual, and JOHN DOES 1 – 50,<br><br>     Defendants, | Case No. 3:25-cv-00584-AN<br><br>**PLAINTIFFS' SECOND MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE AND MOTION TO ALLOW SERVICE ON UNSERVED DEFENDANTS BY OTHER METHOD**<br><br>Pursuant to Fed. R. Civ. P. 4(m), 6(b), and 12(a)(1)<br><br>No Oral Arguments Requested |

PAGE 1 – **PLAINTIFFS' SECOND MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE AND MOTION TO ALLOW SERVICE ON UNSERVED DEFENDANTS BY OTHER METHOD**



100 SW Main Street, Suite 1025
Portland, OR 97204
T: 503.477.7777  F: 503.214.8816

CONNER SLEVIN, an individual, and JOHN DOES 51 - 100,

          Nominal Defendant.

### CERTIFICATE OF CONFERRAL

Regarding Plaintiffs Baek Family Partnership, LLC, AB Hollywood, LLC, MY, LLC, and The Penney Kim Trust, by and through its Trustee, Penney Kim ("Plaintiffs") Second Motion for Extension Of Time To Complete Service On Defendants B.J. Wade and Wade Law, LLC (collectively, "the Unserved Defendants"), and regarding Plaintiffs' Motion to Allow Service on Unserved Defendants by Other Method, Local Rule 7-1(a) requiring a good faith effort to confer through personal or telephone conferences is inapplicable to these discrete motions because none of the Unserved Defendants have appeared in this matter, nor have any of the Unserved Defendants filed an Answer.

### MOTION

**Second Motion for Extension of Time to Complete Service.** Plaintiffs move the Court for an order extending the FRCP 4(m) deadline for service of a Summons and the Complaint upon Defendants B.J. Wade and Wade Law, LLC (collectively referred to herein as "the Unserved Defendants"), for good cause as explained below.

Pursuant to FRCP 4(m), the prior date to complete service was September 7, 2025.[1] Plaintiffs request the Court to extend this deadline by 60 days to November 6, 2025.

**Motion to Allow Service on Unserved Defendants by Other Method.** Plaintiffs move the Court for an order allowing for service of a Summons and the Complaint upon Defendants B.J. Wade and Wade Law, LLC via the following other method(s) pursuant to FRCP 4(e)(1) and ORCP 7:

---

[1] September 7, 2025 is a Sunday. Pursuant to FRCP 6(a)(1)(C), this deadline should be computed to expire on Monday, September 8, 2025 because "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

PAGE 2 – **PLAINTIFFS' SECOND MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE AND MOTION TO ALLOW SERVICE ON UNSERVED DEFENDANTS BY OTHER METHOD**

Salt
100 SW Main Street, Suite 1025
Portland, OR 97204
T: 503.477.7777  F: 503.214.8816

1.  By and through his attorney Michael Working[2] via First Class U.S. Mail and Certified Mail Return Receipt Requested to the following office address: 917 South Cooper Street, Memphis, TN 38104; or,

2.  In the alternative, *via* publication pursuant to FRCP 4(e)(1), ORCP 7 D(6), and ORCP 7 F(2)(b), (c) in a newspaper of general circulation in this District or in Memphis, Tennessee.

**Alternative Motion for Leave to Serve Special Interrogatory for Contact Information for Defendants B.J. Wade and Wade Law LLC.** In the alterative to the two methods above, Plaintiffs also move the Court for leave to issue a special interrogatory to Defendants Sanderson and Wampler for disclosure to Plaintiffs of any known address and telephone number for Defendants B.J. Wade/Wade Law LLC, and for any known attorneys engaged by B.J. Wade/Wade Law LLC to defend them in this litigation, pursuant to FRCP 26(a)(1)(A) and FRCP 33(a)(1), in order to complete service on B.J. Wade/Wade Law LLC.

These Motions are supported by the court record and file in this matter, by the Declaration of Joseph Mabe ("1st Mabe Decl.") filed in this matter on July 9, 2025, and by the Second Declaration of Joseph Mabe ("2nd Mabe Decl.") filed contemporaneously with this Motion, all incorporated by reference, and the following Memorandum of Law.

## MEMORANDUM OF LAW

Defendants B.J. Wade/Wade Law LLC are Defendants in this Complicated RICO case, and for the reasons set forth below the Plaintiffs now seek Orders from the Court to complete service upon these two Defendants.

**1. Good Cause Exists to Extend the Deadline to Complete Service Upon B.J. Wade and Wade Law LLC by 60 days to November 6, 2025.**

---

[2] Michael Working is B.J. Wade's Tennessee-based criminal defense counsel retained in the matter of *The State of Tennessee vs. BJ Wade*, case C2200534, Shelby County Criminal Court, Division IV (filed February 8, 2022). Second Declaration of Joseph Mabe ("2nd Mabe Decl."), ¶5 & Ex. 1.

PAGE 3 – **PLAINTIFFS' SECOND MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE AND MOTION TO ALLOW SERVICE ON UNSERVED DEFENDANTS BY OTHER METHOD**

Salt
100 SW Main Street, Suite 1025
Portland, OR 97204
T: 503.477.7777   F: 503.214.8816

A plaintiff must serve a defendant with the Summons and Complaint within 90 days, but the Court must extend the deadline for service for an appropriate period upon a plaintiff's showing of good cause. FRCP 4(m); *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). The Court may also grant an extension of time for service even in the absence of a showing of good cause. *Id*. (citing *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 n. 2 (9th Cir. 2003). District courts have broad discretion to extend the time for service. *Id*. at 1041 (citing *Henderson v. United States*, 517 U.S. 654, 661 (1996).). When considering whether to extend the time for service, a district court may consider factors like a statute of limitations bar, prejudice to the Defendant, actual notice of a lawsuit, and eventual service. *Id.* at 1041.

Defendants B.J. Wade/Wade Law LLC appear to be intentionally evading service. 2nd Mabe Decl., ¶4. Defendant B.J. Wade and "Wade Law LLC" have no publicly available contact information, residential address, or office address for service of process. 1st Mabe Decl., ¶¶9-14 (Dkt 11). Plaintiffs have made multiple unsuccessful attempts at personal service, and multiple unsuccessful attempts to locate contact information for mailing or office service, upon Defendants B.J. Wade and Wade Law LLC ("the Unserved Defendants"). 2nd Mabe Decl., ¶¶4-12; 1st Mabe Decl., ¶¶9-14 (Dkt 11). As explained in Plaintiffs' first Motion for Extension of Time to Complete Service, B.J. Wade verified to journalists that he has actual notice of the Complaint in this matter. 1st Decl. Mabe, ¶15 (Dkt 11). Therefore, he has actual knowledge of and notice of this matter. Thus, there can be no prejudice to the Defendants by this extension of the service deadline. For good cause as set forth herein and below, and in the two supporting Declarations of Joseph Mabe filed in this matter both contemporaneously with this Motion and at Dkt 11 ("1st Mabe Decl."), Plaintiffs request an extension of 60 days of additional time to complete service on Defendants B.J. Wade and Wade Law LLC by other methods.

///

///

PAGE 4 – **PLAINTIFFS' SECOND MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE AND MOTION TO ALLOW SERVICE ON UNSERVED DEFENDANTS BY OTHER METHOD**

Salt

100 SW Main Street, Suite 1025
Portland, OR 97204

T: 503.477.7777  F: 503.214.8816

**2. Good Cause Exists to Allow Service Upon the Unserved Defendants by Publication or Other Methods.**

Additionally, FRCP 4(e)(1) permits service following state law in the district where the action is filed. *Mesa Underwriters Speciality Ins. Co. v. Midway Vishions, Inc.*, No. 3:24-cv-01032-HZ, 2025 US Dist LEXIS 22002, at *1-2 (D Or Jan. 31, 2025) and *Alldridge v. Gottlieb*, No. 6:24-cv-01745-MTK, 2025 US Dist LEXIS 32334, at *2 (D Or Feb. 24, 2025). In Oregon, ORCP 7(D)(6) permits service "by any method or combination of methods that, under the circumstances, is most reasonably calculated to apprise the defendant of the existence and pendency of the action" when service cannot be made by other specified methods. These other methods include service by "mailing without publication to a specified post office address of the defendant by first class mail as well as either by certified, registered, or express mail with return receipt requested" pursuant to ORCP 7(D)(a). ORCP 7(D)(6)(a) further allows service by publication in a newspaper of general circulation in the county where the action is commenced. "If the plaintiff knows of a specific location other than the county in which the action is commenced where publication might reasonably result in actual notice to the defendant, the plaintiff must so state in the affidavit or declaration required by paragraph D(6) of this rule, and the court may order publication in a comparable manner at that location in addition to, or in lieu of, publication in the county in which the action is commenced."

Despite Plaintiffs' ongoing efforts, Plaintiff has been unable to complete service on the Unserved Defendants in the customary manner outlined in ORCP 7 D(3), prescribing service on individuals through either "personal" or "substituted" service at one's residence. Here, B.J. Wade is currently represented by legal counsel (in a criminal proceeding in Tennessee) with known contact information. Moreover, given that Defendant B.J. Wade has received actual notice of this litigation and appears to be actively avoiding service of process, it is appropriate that service by other method be allowed. 1st Decl. Mabe, ¶15 (Dkt 11).

The proposed alternative methods of service upon the Unserved Defendants by USPS mail to respective legal counsel and/or by publication through newspapers of general circulation is

PAGE 5 – **PLAINTIFFS' SECOND MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE AND MOTION TO ALLOW SERVICE ON UNSERVED DEFENDANTS BY OTHER METHOD**



Salt
100 SW Main Street, Suite 1025
Portland, OR 97204
T: 503.477.7777  F: 503.214.8816

"reasonably calculated to give actual notice" *See Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1017-18 (9th Cir. 2002).

**3. Good Cause Exists to Permit Plaintiffs to Serve a Special Interrogatory for Any Known Addresses and/or Telephone Numbers for Defendants B.J. Wade and Wade Law LLC.**

Finally, pursuant to FRCP 26(a)(1)(A) all Defendants in this matter "must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]" On information and belief, Defendants Sanderson and Wampler likely possess current addresses and telephone numbers for B.J. Wade/Wade Law, LLC, as well as who is representing these Unserved Defendants. 2nd Mabe Decl., ¶10.

The undersigned has inquired with counsel for the Appearing Defendants whether they know who is representing Defendant B.J. Wade/Wade Law, LLC, or where these Unserved Defendants are located for purposes of service, both of whom responded they did not know. Mabe Decl., ¶11. Although it is unclear whether Defendants Sanderson and Wampler have been asked for such information, the undersigned's attempt(s) to obtain the same have been unsuccessful to date.

In the alternative to the service methods above, and to complete service, Plaintiffs request the Court for leave to issue a special interrogatory, pursuant to FRCP 33(a)(1), in order to take discovery of Defendants Sanderson and Wampler regarding any known address and telephone number for Defendants B.J. Wade and Wade Law LLC. The parties to this matter have not yet held an initial Rule 26(f) conference, as Defendant Wade has not yet appeared in this action. Thus, Plaintiffs require leave of the Court in order to commence even limited discovery in any manner. Plaintiffs request a limited form of leave to serve a special interrogatory upon Defendants Sanderson and Wampler for the purpose of effectuating and completing service upon B.J. Wade/Wade Law LLC.

///

///

PAGE 6 – **PLAINTIFFS' SECOND MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE AND MOTION TO ALLOW SERVICE ON UNSERVED DEFENDANTS BY OTHER METHOD**



100 SW Main Street, Suite 1025
Portland, OR 97204

T: 503.477.7777  F: 503.214.8816

## **CONCLUSION**

    Accordingly, Plaintiff respectfully requests the court grant the relief sought in the Motions herein.

Dated:  <u>September 9, 2025</u>      **SALT**

    By: <u>*/s/ Joseph M. Mabe*</u>
        Joseph M. Mabe, OSB No. 045286
        Email: joe@saltlawgroup.com
        Neal S. Shechter, OSB No. 185119
        Email: neal@saltlawgroup.com
        Keith A. Pitt, OSB No. 973725
        Email: keith@saltlawgroup.com

    *Of Attorneys for Plaintiffs*

PAGE 7 – **PLAINTIFFS' SECOND MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE AND MOTION TO ALLOW SERVICE ON UNSERVED DEFENDANTS BY OTHER METHOD**



100 SW Main Street, Suite 1025
Portland, OR 97204

T: 503.477.7777  F: 503.214.8816

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2025, I electronically filed the foregoing **PLAINTIFFS' SECOND MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE AND MOTION TO ALLOW SERVICE ON UNSERVED DEFENDANTS BY OTHER METHOD** with the Clerk of the Court of the United States District Court, for the District of Oregon, using the CM/ECF system.

I further certify that all participants in the case are registered CM/ECF users, and that service on those participants will be accomplished by the CM/ECF system on September 9, 2025.

Dated: September 9, 2025            **SALT**

By: /s/ *Joseph M. Mabe*
Joseph M. Mabe, OSB No. 045286
Email: joe@saltlawgroup.com
Neal S. Shechter, OSB No. 185119
Email: neal@saltlawgroup.com
Keith A. Pitt, OSB No. 973725
Email: keith@saltlawgroup.com

*Of Attorneys for Plaintiffs*