**Janet M. Schroer**, OSB No. 813645
Email: jms@hartwagner.com
**Taylor B. Lewis**, OSB No. 164263
Email: tbl@hartwagner.com
HART WAGNER LLP
1000 SW Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Facsimile: (503) 222-2301

*Of Attorneys for Defendant Jessica Molligan*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BAEK FAMILY PARTNERSHIP, LLC, an Oregon limited liability company, AB HOLLYWOOD, LLC, an Oregon limited liability company, MY, LLC, an Oregon limited liability company, and THE PENNEY KIM TRUST, by and through its Trustee, PENNEY KIM, on behalf of themselves and all others similarly situated, | Case No. 3:25-cv-00584-AN<br><br>**DEFENDANT JESSICA MOLLIGAN'S MOTION TO DISMISS AMENDED COMPLAINT**<br><br>**REQUEST FOR ORAL ARGUMENT** |
| Plaintiffs, | |
| v. | |
| WAMPLER, CARROLL, WILSON & SANDERSON, P.L.L.C., a Tennessee professional corporation, WADE LAW, LLC, a Tennessee limited liability company, J. LUKE SANDERSON, an individual, and B.J. WADE, an individual, JESSICA MOLLIGAN, an individual, and JOHN DOES 1 – 50, | |
| Defendants, | |
| CONNER SLEVIN, an individual, and JOHN DOES 51 – 100, | |
| Nominal Defendant. | |

**Page 1 –    DEFENDANT JESSICA MOLLIGAN'S MOTION TO DISMISS AMENDED COMPLAINT**

**HART WAGNER LLP**
**Attorneys at Law**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax: (503) 222-2301**

## LR 7-1 CERTIFICATION

The undersigned certifies that counsel for defendant Jessica Molligan conferred with plaintiffs' counsel on the substance of this motion by phone, but the parties could not agree, requiring the filing of this Motion.

## MOTION

Defendant Jessica Molligan ("Molligan") moves to dismiss all of plaintiffs' claims under Fed. R. Civ. Pro. § 12(b)(6) for failure to state a claim.

## BACKGROUND

Plaintiffs assert one civil RICO claim in this lawsuit against both Molligan and the Wampler Defendants. The RICO claim arises out of Molligan and the Wampler Defendants' representation of individuals in Americans with Disability Act (ADA) claims against plaintiffs. For the reasons stated in the Wampler Defendants' Motion to Dismiss, which Molligan joins and incorporates below, and the additional reasons given below, plaintiffs have not stated a claim against Molligan.

For brevity's sake, Molligan adopts and incorporates the Background section of the Wampler Defendants' Motion. The following summarizes plaintiffs' allegations against Molligan.

### I.      The Co-Counsel Agreement.

In July of 2023, Molligan, an Oregon licensed attorney, entered a "Co-Counsel Agreement"[1] with Tennessee attorneys J. Luke Sanderson and B.J. Wade (aka the Wampler Defendants). (Am. Compl. ¶21; Ex. 1). Molligan agreed to serve "Local Counsel" for the Wampler Defendants in the prosecution of ADA cases referred by the Wampler Defendants to

---

[1] Plaintiffs attached the Co-Counsel Agreement as Exhibit 1 to the Amended Complaint and incorporated its contents throughout. (Am. Compl. ¶7).

Page 2 –   **DEFENDANT JESSICA MOLLIGAN'S MOTION TO**
           **DISMISS AMENDED COMPLAINT**

**HART WAGNER LLP**
Attorneys at Law
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax: (503) 222-2301

Molligan.  (*Id.* at Ex. 1, p. 1).

Pursuant to the Co-Counsel Agreement, the Wampler defendants "were fully responsible for the retention of clients and the initial investigation of claims of clients . . . including the confirmation of the existence of architectural barriers as defined currently by the ADA[.]"  (*Id.* at Ex. 1, p. 2).  Sanderson was solely responsible for determining whether to initiate a lawsuit and was solely responsible for preparing "an appropriate Complaint."  (*Id.*).  Sanderson and Wade were also responsible for advancing all "costs of the investigation and any required costs of court associated with any matters filed for any of its clients where applicable."  (*Id.*).  They were also responsible for the retention of experts.  (*Id.*).

As "Local Counsel," Molligan's scope of work under the Agreement was narrow – she was responsible for filing the complaint sent by Sanderson and Wade, prosecuting the action, including conferring with defendant property owners to achieve a settlement.  (*Id.*).  Molligan could "not amend or revise the Complaint, without the prior written consent and consultation" of Sanderson and Wade.  (*Id.*).

Molligan's relationship with the Wampler Defendants was "on a fully contractual basis only."  (*Id.* at p. 3).  There was no "joint venture" between the parties and Molligan was not considered a member of the Wampler Defendants' firms.  (*Id.*).  Molligan had no authority to bind the Wampler Defendants for any settlements or claims referred to her by the Wampler Defendants.  (*Id.*).  Molligan also could not "file, undertake or otherwise pursue any actions and/or claims on behalf of" the Wampler defendants unless the claim was initially referred by the Wampler Defendants.  (*Id.*).

All claims referred to Molligan pursuant to the Agreement remained "the property of" the Wampler Defendants.  (*Id.*).  Pursuant to the Agreement's "Confidentiality" provision, the

Page 3 –   DEFENDANT JESSICA MOLLIGAN'S MOTION TO
DISMISS AMENDED COMPLAINT

**HART WAGNER LLP**
Attorneys at Law
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax: (503) 222-2301

Wampler Defendants methods "related to the retention and handling of ADA Title III claims" was considered the Wampler Defendants' "confidential work product." (*Id.* at p. 4).

### II.    Plaintiff's Allegations Against Molligan.

Plaintiffs' allegations against Molligan are narrow and concern isolated instances of alleged misconduct in litigation that do not constitute the basis for a RICO action.

Despite repeatedly describing themselves as "victims" of fraudulent ADA litigation, plaintiffs do not claim that they were ADA compliant. In fact, plaintiffs admit they made alterations to their properties in response to demand letters and complaints, characterizing the ADA repairs as "property damage." (*See e.g.*, Am. Compl. ¶150).

Instead, plaintiffs base their RICO claims on allegations that the Wampler Defendants and "Local Counsel," including Jessica Molligan, "fabricated" allegations of standing to bring ADA claims against plaintiffs. (Am. Compl. ¶95). They claim the Wampler Defendants created a "database" that identified potential ADA violations in different jurisdictions. (*Id.* at ¶45). Plaintiffs allege that the Wampler Defendants contacted individuals with disabilities to work as "fraudulent testers" in exchange for $200 payments for each property visited. (*Id.* at ¶47). The Wampler Defendants then told the ADA testers which properties to visit but told them not to worry about identifying specific ADA violations. (*Id.* at ¶49). The ADA testers uploaded pictures of themselves at the properties and the Wampler Defendants instructed Local Counsel, including Molligan, to send a demand letter to the property owners. (*Id.* at ¶52).

Plaintiffs allege that the Wampler Defendants draft demand letters and complaints falsely asserted that the ADA testers were deterred from accessing the properties, due to disabilities, and that the ADA testers suffered legal harm and injury. (*Id.* at ¶¶71-73). They claim that the Wampler Defendants and Molligan knew or should have known these communications were

Page 4 –   **DEFENDANT JESSICA MOLLIGAN'S MOTION TO DISMISS AMENDED COMPLAINT**

**HART WAGNER LLP**
Attorneys at Law
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax: (503) 222-2301

false or material misrepresentations because the ADA testers did not know of specific ADA violations at the properties.  (*Id.* at ¶75).

Plaintiffs also allege that the Wampler Defendants and Molligan "fabricated" allegations of standing to bring ADA claims.  (*Id.* at ¶95).  They claim that the Wampler Defendants and Molligan sent complaints that falsely claimed that each ADA tester patronized plaintiffs' properties on "multiple prior occasions."  (*Id.* at ¶96).  However, plaintiffs claim that the Wampler Defendants and Molligan did not know if the testers had visited the properties or intended to return.  (*Id.* at ¶97).  They also claim that the complaints falsely alleged that the ADA testers were routinely near plaintiffs' properties and travelled in or around the immediate area. (*Id.* at ¶101).

In support of these allegations, plaintiffs cite Judge You's Opinion and Order from the *AB Hollywood* case, in which Judge You found that Molligan never asked one of the ADA plaintiffs, Conner Slevin, whether he visited the defendant's property and had no factual basis for alleging that he had visited the property on multiple prior occasions or intended to revisit.  (*Id.* at ¶98).

Finally, plaintiffs allege that Representation Agreements between the ADA testers and the Wampler Defendants provided that attorneys were "authorized and empowered to act as a negotiator in any and all settlement negotiations" and that the Wampler Defendants and Molligan treated this language as a blanket authorization to settle cases and sign settlement agreements on behalf of the ADA testers without sharing how much in attorney fees they recouped.  (*Id.* at ¶¶133-34).  They also claim that the Wampler Defendants and Molligan sought attorney fees and "fictitious" monitoring fees.  (*Id.* at ¶¶136-38).

///

**Page 5 – DEFENDANT JESSICA MOLLIGAN'S MOTION TO DISMISS AMENDED COMPLAINT**

**HART WAGNER LLP**
**Attorneys at Law**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax: (503) 222-2301**

Plaintiffs allege that defendants constitute an "enterprise" as defined in 18 U.S.C. § 1961(4), specifically that defendants were a "group of individuals and entities associated in fact." (*Id.* at ¶171).  They claim that all defendants "established" the "Wampler ADA Racket" and have "intentionally and willfully committed more than four thousand predicate acts of wire fraud through the use of interstate communications containing false and misleading statements[.]"  (*Id.* at ¶172).

## LEGAL ARGUMENT

Molligan moves to dismiss plaintiffs' RICO claim under Fed. R. Civ. Pro. § 12(b)(6) for failure to state a claim.  The RICO claim fails as to Molligan for the reasons stated by the Wampler Defendants in their Motion to Dismiss.  Molligan incorporates those legal arguments herein.  The RICO claim also fails as to Molligan for the following additional reasons.

Plaintiffs allege that defendants violated 18 U.S.C. § 1962(c) of the RICO Act.  (Am. Compl. ¶¶168-192).  To state a claim for a violation of § 1962(c), plaintiffs had to plead that Molligan participated in: "(1) the conduct of (2) an enterprise that affected interstate commerce (3) through a pattern (4) of racketeering activity or collection of unlawful debt, and the conduct must have been (5) the proximate cause of harm to the victim.  *Gomez v. Bank of Am. N.A.*, 642 Fed.Appx. 670, 676 (9th Cir. 2016).  Plaintiffs have not sufficiently alleged the "conduct" or "enterprise" elements.

### I.    Plaintiff's Have not Alleged that Molligan Conducted or Participated in the Conduct of an Enterprise's Affairs.

To sufficiently plead that Molligan conducted or participated, directly or indirectly, in the conduct of an enterprise's affairs, plaintiffs had to allege facts showing that she participated in the "operation or management of the enterprise itself." *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993).  Further, "to conduct or participate, directly or indirectly in [the RICO enterprise's]

Page 6 –   **DEFENDANT JESSICA MOLLIGAN'S MOTION TO DISMISS AMENDED COMPLAINT**

**HART WAGNER LLP**
**Attorneys at Law**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax: (503) 222-2301**

affairs . . . one must have some part in directing those affairs." *Id.* at 179.

Plaintiffs cannot meet the "conduct or participate" requirement of § 1962(c) as to Molligan.  Providing legal services does not "support a claim of RICO liability against an attorney unless the attorney 'directed or controlled' the RICO enterprise in some way." *Columbia Sportwear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 428 F.Supp.3d 354, 375 (D. Or. 2019).

*Baumer v. Pachl*, 8 F.3d 1341 (9th Cir. 1993) is on point.  In *Baumer*, the court upheld a Rule 12(b)(6) dismissal of a § 1962(c) RICO claims against an attorney.  *Id.* at 1344.  The plaintiffs alleged that the attorney drafted letters and agreements as part of a conspiracy by members of a limited partnership to defraud the plaintiffs.  *Id.* at 1344.

In upholding the dismissal, the court applied the *Reves* "operation and management" test and found that plaintiffs could not meet that test as required to state a claim under § 1962(c).  *Id.* at 1345.  The court noted that the RICO attorney did not get involved until a decade after the alleged scheme began and that his "role was sporadic at best."  *Id.* at 1344.  The attorney did not hold any formal position in the limited partnership and did not direct the affairs of the enterprise.  *Id.*  The attorney's role was limited to providing legal services to the partnership.  *Id.*  Whether he "rendered his services well or poorly, properly or improperly," was irrelevant.  *Id.*

In a more recent case, *Walter v. Drayson*, 538 F.3d 1244 (9th Cir. 2008), the court upheld the dismissal of another § 1962(c) RICO claim against an attorney. The plaintiff estate beneficiaries alleged that the RICO defendants, the attorney, her firm, a trustee, and a CPA, were an associated-in-fact enterprise whose purpose was to gain and maintain control of the trust and to facilitate the wrongful taking of trust assets.  *Id.*  at 1245.  As in *Baumer*, the court found that the attorney's alleged involvement was insufficient to state a claim under § 1962(c).  *Id.* at 1248.

Page 7 –   **DEFENDANT JESSICA MOLLIGAN'S MOTION TO DISMISS AMENDED COMPLAINT**

**HART WAGNER LLP**
**Attorneys at Law**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax: (503) 222-2301**

Like the lawyer in *Baumer*, she simply wrote emails, gave advice, and took positions on behalf of her clients. *Id.* Even if the attorney's performance was deficient, "the quality of the services rendered doesn't matter." *Id.* And there was no indication that the attorney directed the enterprise or tried to control it. *Id.*

To distinguish *Baumer* and *Reves*, the *Walter* plaintiffs argued that those cases were inapplicable because they did not involve "associated-in-fact" enterprises. *Id.* The court held that was a distinction without a difference because § 1962(c)'s "conduct" requirement "applies without regard to the nature of the enterprise." *Id.* at 1249. "Otherwise, as *Reves* explains, simply being involved would suffice." *Id.* The attorney did not occupy a position in the "chain of command" and was "not indispensable to achievement of the enterprise's goal." *Id.*

Plaintiffs' RICO claim against Molligan fails for the same reasons. They cannot meet the *Reves* "operation and management" test. Plaintiffs do not allege that Molligan created a "sophisticated, multi-party scheme to monetize the ADA into a comprehensive, nationwide racket," nor could they. (Am. Compl. ¶43). Pursuant to the Co-Counsel agreement, the ADA claims referred to Molligan by the Wampler Defendants were the "property" of the Wampler Defendants developed through their "confidential" methods. Molligan was simply one of approximately 50 contracted local attorneys that the Wampler Defendants associated with around the country. Like the attorneys in *Baumer* and *Walter*, Molligan did not hold a formal position with the Wampler Defendants' firms and was not indispensable to the achievement of the purported enterprise's goal. The Agreement specifically stated there was no joint venture.

Although the Amended Complaint does not identify when the purported "nationwide racket" was created, plaintiffs do not allege that Molligan was involved before entering the Co-Counsel Agreement. Also lacking from the Amended Complaint are any allegations that

Page 8 –   **DEFENDANT JESSICA MOLLIGAN'S MOTION TO DISMISS AMENDED COMPLAINT**

HART WAGNER LLP
Attorneys at Law
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax: (503) 222-2301

Molligan occupied a position in the "chain of command" or that she directed the enterprise. "Simply performing services for the enterprise does not rise to the level of direction, whether one is 'inside' or 'outside.'" *Walter*, 538 F.3d at 1249; *Columbia Sportswear N. Am., Inc.*, 428 F.Supp.3d at 376 ("A lawyer's conduct can satisfy the operation or management test when it goes beyond merely providing 'professional assistance' and involves 'directing the affairs' of the RICO enterprise.").

As in *Baumer*, Molligan's role was "sporadic." Of the 4,000 demand letters sent, and 1,000 district court complaints filed by the Wampler Defendants, plaintiffs only identify four cases Molligan was involved in. (*See Generally Am. Compl.*). Even in those cases, Molligan did not direct them. The Wampler Defendants were responsible for retaining the clients, investigated the claims, and drafting the complaints. Molligan's role was limited to filing and prosecuting the ADA cases referred to her. Whether she did so poorly or improperly, as Judge You found, is irrelevant under *Baumer* and *Walter*.

## II.    Plaintiffs Have not Alleged an "Associated-in-Fact" Enterprise.

Plaintiffs § 1962(c) claim also fails because they have not alleged that Molligan was part of an "associated-in-fact" enterprise. RICO defines the term "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "An associated-in-fact enterprise is a group of persons associated together for a common purpose of engaging in a course of conduct." *Shoultz v. Derrick*, 369 F.Supp.3d 1120, 1126 (D. Or. 2019). "Such an enterprise has three elements: (1) common purpose, (2) an ongoing organization, and (3) a continuing unit." *Id.*

///

Page 9 – **DEFENDANT JESSICA MOLLIGAN'S MOTION TO DISMISS AMENDED COMPLAINT**

**HART WAGNER LLP**
Attorneys at Law
1000 S.W. Broadway, Twentieth Floor
Portland, Oregon 97205
Telephone: (503) 222-4499
Fax: (503) 222-2301

Plaintiffs have not met the "common purpose" element. "RICO claims must be alleged with particularity." *Phillips v. Lithia Motors, Inc.*, 2006 U.S. Dist. LEXIS 25607 *18 (D. Or. Apr. 27, 2006). Other than the Co-Counsel Agreement, the Amended Complaint is devoid of allegations linking Molligan to the purported "associated-in-fact enterprise."

The Agreement, in and of itself, is insufficient to establish common purpose. The mere existence of a servicing contract, like the Co-Counsel Agreement, does not establish a "common purpose" under RICO. *See Phillips*, 2006 U.S. Dist. LEXIS 25607 at *19 (arms-length agreement between members of an enterprise does not equate to common purpose); *Gomez v. Guthy-Renker, LLC*, 2015 U.S. Dist. LEXIS 90725 *32 (C.D. Cal. July 13, 2015) ("The consensus among courts reflects the judgment that the statutory requirements of RICO 'cannot be circumvented by attempting to characterize a routine contractual relationship for services as an independent enterprise.").

The "common purpose" element requires "particularized allegations" of a "structured decision-making process" and "mechanisms for controlling and directing the affairs of the group on an on-going basis rather than an ad hoc basis." *Id.* at 16-17. The Co-Counsel Agreement does not provide for that. It establishes that Molligan's relationship with the Wampler Defendants was solely contractual and did not grant her mechanisms for controlling or directing the affairs of the purported enterprise. Arms-length business transactions like this, "with each party pursuing [their] own independent economic interests, does not constitute a RICO enterprise." *W. & S. Life Ins. Co v. Countrywide Fin. Corp. (In re Countrywide Fin. Corp. Mortgage-Backed Sec. Litig.)*, 2012 U.S. Dist. LEXIS 184429 *33 (C.D. Cal. June 29, 2012).

For these additional reasons, plaintiffs' RICO claim against Molligan should be dismissed, with prejudice, and without leave to replead.

Page 10 – **DEFENDANT JESSICA MOLLIGAN'S MOTION TO DISMISS AMENDED COMPLAINT**

**HART WAGNER LLP**
**Attorneys at Law**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax: (503) 222-2301**

## CONCLUSION

For the above reasons, and the reasons given in the Wampler Defendants' Motion,

Molligan's motion should be granted.

DATED this 2nd day of July, 2026.

HART WAGNER LLP


By:    */s/ Taylor B. Lewis*
_____

Janet M. Schroer, OSB No. 813645
jms@hartwagner.com
Taylor B. Lewis, OSB No. 164263
tbl@hartwagner.com
*Of Attorneys for Defendant Jessica Molligan*

Trial Attorney: Janet M. Schroer, OSB No. 813645

**HART WAGNER LLP**
**Attorneys at Law**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax: (503) 222-2301**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date below, I electronically filed the foregoing document via the ECF system, which transmits notice via the ECF system to all counsel of record.

DATED this 2nd day of July, 2026.

*/s/ Taylor B. Lewis*
Taylor B. Lewis

Page 1 – **CERTIFICATE OF SERVICE**

**HART WAGNER LLP**
**Attorneys at Law**
**1000 S.W. Broadway, Twentieth Floor**
**Portland, Oregon 97205**
**Telephone: (503) 222-4499**
**Fax: (503) 222-2301**