Chad Colton, Bar No. 065774
Chad.Colton@ashurstperkins.com
David Watnick, Bar No. 223386
David.Watnick@ashurstperkins.com
Michael McCullough, Bar No. 225377
Michael.McCullough@ashurstperkins.com
**ASHURST PERKINS COIE US LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: (503) 727-2000

*Attorneys for Specially Appearing Defendants*
*Wade Law, LLC and B.J. Wade*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

BAEK FAMILY PARTNERSHIP, LLC, an Oregon limited liability company, AB HOLLYWOOD, LLC, an Oregon limited liability company, MY, LLC, an Oregon limited liability company, and THE PENNEY KIM TRUST, by and through its Trustee, PENNEY KIM, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

WAMPLER, CARROLL, WILSON & SANDERSON, P.L.L.C., a Tennessee professional corporation, WADE LAW, LLC, a Tennessee limited liability company, J. LUKE SANDERSON, an individual, B.J. WADE, an individual, JESSICA MOLLIGAN, an individual, and JOHN DOES 1-50,

Defendants,

v.

CONNER SLEVIN, an individual, and JOHN DOES 51-100,

Nominal Defendant.

Case No. 3:25-cv-00584-AN

**DEFENDANTS WADE LAW, LLC AND B.J. WADE'S MOTION TO DISMISS FOR IMPROPER SERVICE OF PROCESS**



**Ashurst Perkins Coie US LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

## LOCAL RULE 7-1 CERTIFICATION

In compliance with Local Rule 7-1, the parties made a good faith effort through telephone conferences to resolve their disputes. The parties were unable to resolve the issues raised below.

## MOTION

Pursuant to Federal Rule of Civil Procedure 12(b)(5), specially appearing Defendants Wade Law, LLC and B.J. Wade (collectively "Wade") move to dismiss the Complaint for insufficient service of process. Wade appears specially and solely to contest the sufficiency of service and does not waive—and expressly reserves—any and all other defenses, including the defense of lack of personal jurisdiction.

## INTRODUCTION

This Court has already extended Plaintiffs' deadline to complete service on Wade multiple times. The Court's second extension was made on the explicit condition that Plaintiffs accomplish service by November 6, 2025, through alternative service by publication which required satisfying Oregon Rule of Civil Procedure 7 D(6). Plaintiffs failed to meet that requirement, and the November deadline lapsed more than seven months ago.

ORCP 7 D(6)(a)(i)(A) unambiguously requires that a summons served by publication be "published four times in successive calendar weeks." According to Plaintiffs' own declaration and the affidavits of publication filed by the *Oregonian*, ECF 30-1, the summons was published only once—on October 22, 2025. Because service by publication is a creature of statute rather than the common law, strict compliance with every requirement must affirmatively appear from the record. *In re Meyers' Estate*, 197 Or. 520, 530 (1953). Plaintiffs cannot make that showing. The Complaint against Wade should accordingly be dismissed for improper service of process under Rule 12(b)(5).



**Ashurst Perkins Coie US LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

## BACKGROUND

The original deadline to serve Wade was July 9, 2025. ECF 10 at 2. On that date, Plaintiffs moved for and received a 60-day extension to serve Wade by September 7, 2025. *Id.*; ECF 13. Despite this extension, Plaintiffs did not serve Wade or move for another extension within the time allotted; instead, they moved for the second extension on September 9, 2025. ECF 25 at 2 n.1. The Court again granted Plaintiffs' Second Motion for Extension of Time to Complete Service and Motion to Allow Service on Unserved Defendants by Other Method. ECF 29 (Order).

The Court extended Plaintiffs' deadline to complete service to November 6, 2025 and ordered that Plaintiffs serve Wade through both of the following methods: (1) service by and through Michael Working via First Class U.S. Mail and Certified Mail, Return Receipt Requested to the address listed in Plaintiffs' motion; and (2) service by publication in a newspaper of general circulation in this District or in Memphis, Tennessee, pursuant to Federal Rule of Civil Procedure 4(e)(1), Oregon Rule of Civil Procedure 7 D(6), and Oregon Rules of Civil Procedure 7 F(2)(b) and (c). *Id.*

ORCP 7 D(6)(a)(i)(A) requires that a summons served by publication "be published four times in successive calendar weeks." Service by publication is not presumptively valid under ORCP 7, and the plaintiff must affirmatively show diligence in attempting to locate and serve the defendant by other means. *Baker v. Foy*, 310 Or. 221, 226 n.9 (1990), *superseded by statute on other grounds*, *Decker v. Wiman*, 288 Or. 687, 695 (1980).

Notwithstanding these requirements and the Court's Order, Plaintiffs' declaration and the affidavits of publication filed by the *Oregonian* (ECF 30) establish that the summons was published only once—on October 22, 2025—rather than four times in successive calendar weeks.



**Ashurst Perkins Coie US LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) allows a defendant to move to dismiss an action based on insufficient service of process. If service is insufficient under Federal Rule of Civil Procedure 4, "the district court has discretion to dismiss an action or to quash service." *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). "Neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (internal citations omitted).

Rule 4 provides: "If a defendant is not [properly] served [in time], the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint. First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (emphasis added); *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

The factors courts consider "[w]hen determining whether to grant a discretionary extension of service deadlines" largely overlap with the "good cause" factors but also include "(1) whether the party has shown reasonable diligence in attempting service; (2) actual notice of the lawsuit;



**Ashurst Perkins Coie US LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

and (3) eventual service." *Roland v. First-Citizens Bank & Tr. Co.*, No. 6:23-cv-00011-AA, 2024 WL 942094 at *9 (D. Or. Mar. 5, 2024)

## ARGUMENT

### I. Plaintiffs Did Not Strictly Comply with the Court's Order or ORCP 7 D(6), Rendering Service by Publication Defective.

The Court's Order required Plaintiffs to accomplish service on Wade through two independent, conjunctive methods: first, certified mail through Michael Working, and second, publication satisfying Rule 4(e)(1) and ORCP 7 D(6), F(2)(b)–(c). ECF 29. Plaintiffs failed to satisfy the second requirement.

ORCP 7 D(6)(a)(i)(A) is unambiguous: the summons must "be published four times in successive calendar weeks." This is not a discretionary or aspirational guideline—it is a mandatory precondition to effective service by publication. Because the right to serve by publication did not exist at common law and is purely statutory, every requirement must be strictly followed, and strict compliance must affirmatively appear from the record. *In re Meyers' Estate*, 197 Or. at 530.

Here, the record affirmatively shows noncompliance. Per Plaintiffs' own declaration and the *Oregonian's* affidavits of publication (ECF 30), the summons was published a single time, on October 22, 2025. That falls short of the Court's Order directing publication "pursuant to . . . Oregon Rule of Civil Procedure 7 D(6)." Because Plaintiffs did not strictly comply with ORCP 7 D(6)(a)(i)(A)'s four-publication requirement, service by publication on Wade was never completed.

### II. Because Plaintiffs' Noncompliance Went to the Manner, Not the Form, of Service—and Because Plaintiffs Already Received two Court-Ordered Extensions and an Express Judicial Directive They Failed to Follow—Dismissal, Not a Further Opportunity to Cure, Is the Appropriate Remedy.

Courts distinguish between challenges to the form of a summons, which are construed liberally, and challenges to the manner in which service was carried out, which are construed



**Ashurst Perkins Coie US LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

strictly. *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 300 (7th Cir. 1991). Plaintiffs' failure here is not a technical or curable irregularity in the form of the summons; it is a substantive failure to carry out the specific manner of service the Court ordered—four successive weekly publications—of which Plaintiffs completed only one.

When a Rule 12(b)(5) motion is granted, a court may either dismiss the action or quash the defective service and permit re-service. Courts generally favor quashing over dismissal where effective re-service remains realistically available and no prejudice to the defendant would result. *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992); *Myers v. John Deere, Ltd.*, 683 F.2d 270, 272 (8th Cir. 1982). That preference does not apply here. Plaintiffs have already received two court-ordered extensions of the service deadline—expressly conditioned on satisfying the specific requirements of alternative service by publication. Plaintiffs received an explicit directive telling them precisely how to complete service and, yet they still failed to follow it, publishing the summons only once instead of four times.

Additionally, the second extended deadline for completing service expired more than seven months ago, and this case has been pending for more than fifteen months. ECF's 1, 29. "The Ninth Circuit has made clear . . . that inadvertence of counsel, an attorney's ignorance of the rules of service, and an attorney's failure to read the applicable rules of civil procedure do not constitute excusable neglect" or good cause to extend the service deadline. *McDonald v. Shelton*, No. 3:18-cv-01872-BR, 2019 WL 1929953 at *3 (D. Or. Apr. 30, 2019) (citing *Townsel v. Cnty. of Contra Costa*, 820 F.2d 319, 320 (9th Cir. 1987)). This principle is especially pertinent here because counsel has already received multiple extensions and explicit instructions for how to effectuate service. *Compare* ECF 29 *with* ECF 30. Courts in this district readily dismiss complaints for



**Ashurst Perkins Coie US LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

similar failures to "exercise[] diligence in serving [the] defendant" for months on end. *See, e.g.*, *Roland*, 2024 WL 942094 at *9.

## CONCLUSION

For the foregoing reasons, specially appearing Defendants B.J. Wade and Wade Law, LLC respectfully request that the Court grant this motion and dismiss the Complaint for improper service of process.

DATED: July 24, 2026.

**ASHURST PERKINS COIE US LLP**

By: */s/ Chad Colton*
Chad Colton, Bar No. 065774
Chad.Colton@ashurstperkins.com
David Watnick, Bar No. 223386
David.Watnick@ashurstperkins.com
Michael McCullough, Bar No. 225377
Michael.McCullough@ashurstperkins.com
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: (503) 727-2000

*Attorneys for Specially Appearing Defendants Wade Law, LLC and B.J. Wade*