UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BAEK FAMILY PARTNERSHIP, LLC, an Oregon limited liability company; AB HOLLYWOOD, LLC, an Oregon limited liability company; ABRAHAM LEE 4511, LLC, an Oregon limited liability company; and THE PENNEY KIM TRUST, by and through its Trustee, PENNEY KIM; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WAMPLER, CARROLL, WILSON & SANDERSON, P.L.L.C., a Tennessee professional corporation; J. LUKE SANDERSON, an individual; B.J. WADE, an individual; JESSICA MOLLIGAN, an individual; CONNER SLEVIN, an individual; and JOHN DOES 1 – 100,<br><br>Defendants. | Case No. 25-cv-00584-AN<br><br>**PLAINTIFFS' OPPOSITION TO WADE LAW, LLC AND B.J. WADE'S MOTION TO DISMISS** |

## INTRODUCTION

In addition to having been aware of this lawsuit since the moment it began,[1] the Wade Defendants were properly served pursuant to Fed. R. Civ. P. 4(e)(1) and ORCP 7. Plaintiffs

[1] The day after the Complaint was filed, Defendant B.J. Wade gave the following statement about the lawsuit to FOX13 Memphis, a local TV station in Tennessee: "This lawsuit filed in Portland, Oregon by clumsy local lawyers is chock full of lies and is one of the worst I've seen in

complied with the Court's Service Order by sending the summons and complaint to the attorney representing Defendant B.J. Wade in an active Tennessee criminal case and by publishing the summons in The Oregonian. These efforts were objectively and reasonably calculated under the totality of the circumstances to apprise Wade Defendants of this action pursuant to ORCP 7 D(1), and prior counsel reasonably believed that they fulfilled the requirements set forth by the Court as well.

Even if the Court concludes that service is defective, this does not warrant dismissal under Fed. R. Civ. P. 4(m). Prior counsel reasonably understood the Court's order to require only a single publication, and despite Wade's actual knowledge of the lawsuit, no party raised any service objection for more than eight months. Given these factors, as well as the extensive efforts by Plaintiffs to serve Wade Defendants, the Court should exercise its considerable discretion to grant an extension rather than dismissing the case against the Wade Defendants.

## STATEMENT OF FACTS

Plaintiffs filed this class action in the District of Oregon on April 10, 2025, naming, *inter alia*, Wampler, Carroll, Wilson & Sanderson, P.L.L.C., J. Luke Sanderson, B.J. Wade, and Wade Law LLC as defendants in a nationwide racketeering conspiracy designed to abuse and contort the ADA's critical civil rights protections for Americans with disabilities into a money-making operation targeting thousands of victims in order to generate millions of profits for defendant attorneys. (ECF No. 1.) Among those defendants is B.J. Wade, a Tennessee-licensed attorney who appears to operate under the business name, "Wade Law LLC."[2] (Collectively, the "Wade Defendants.")

---

49 years of practicing law. My word of wisdom to the lawyers and parties who filed this frivolous lawsuit is, 'Get your checkbooks out because you're going to pay us thousands of dollars in sanctions.'" (Declaration of Joe Mabe in Support of Plaintiffs' Opposition to Wade Defendants' Motion to Dismiss ("Third Mabe Decl.") ¶ 5; Declaration of Joe Mabe in Support of Plaintiffs' Motion for Extension of Deadline (ECF No. 11) ("First Mabe Decl.") ¶ 15.)

[2] The name/entity "Wade Law LLC" does not appear to be a registered business entity with the Tennessee Secretary of State. (Decl. of Joe Mabe in Support of Plaintiffs' Second Motion for Extension of Time (ECF No. 26) ("Second Mabe Decl.") ¶ 3.)



**ANGELI & CALFO LLC**
121 SW Morrison St., Ste. 400
Portland, OR 97204
Tel +1.503.954.2232

The Wade Defendants have been aware of this lawsuit at least since the day after the complaint was filed, when Wade gave an interview about the case to a local TV station in Tennessee. (Third Mabe Decl. ¶ 5; First Mabe Decl. ¶ 15.)

Despite apparently being a member of the bar, B.J. Wade has since proven unusually difficult to locate for service of process. Between April and September 2025, prior counsel (Joe Mabe and Salt Law Group) undertook extensive efforts to attempt to locate and serve Wade Defendants. Counsel searched PACER, the Tennessee Bar Association, and the Tennessee Board of Professional Responsibility; submitted a public-records request to the TBPR (which was denied because the requestor was not a Tennessee resident); attempted personal service on June 9, 2025, at a Mississippi residential address listed on Wade's criminal-case docket; and attempted personal service at Wade's scheduled criminal hearing at a Shelby County, Tennessee courthouse on August 7, 2025. (Third Mabe Decl. ¶¶ 3–4; ECF Nos. 11, 26.)

The original deadline to serve Wade under Federal Rule of Civil Procedure 4(m) was July 9, 2025. On that date, Plaintiffs filed their first Motion for Extension of Time, citing the difficulties in locating Wade Defendants for service and documenting their service efforts thus far. (ECF Nos. 10–11.) The Court granted a 60-day extension, moving the deadline to September 7, 2025. (ECF No. 13.)

Plaintiffs continued their efforts but were unable to locate any current address for Wade Defendants. On September 9, 2025, Plaintiffs filed their Second Motion for Extension of Time to Complete Service and Motion to Allow Service on Unserved Defendants by Other Method. (ECF No. 25 (the "Service Motion").) The Service Motion sought an order pursuant to ORCP 7D(6) permitting Plaintiffs to serve Wade "By and through his attorney Michael Working[3] via First Class U.S. Mail and Certified Mail Return Receipt Requested to the following office address:

---

[3] Michael Working was representing Wade in an active criminal case, *The State of Tennessee vs. BJ Wade*, Case No. C2200534, in Shelby County Criminal Court, Division IV. The case was filed February 8, 2022, and remained active at the time of the Service Motion. (Second Mabe Decl. 26 ¶ 5 & Ex. 1.)



**ANGELI & CALFO LLC**
121 SW Morrison St., Ste. 400
Portland, OR 97204
Tel +1.503.954.2232

917 South Cooper Street, Memphis, TN 38104; or [i]n the alternative, via publication pursuant to FRCP 4(e)(1), ORCP 7 D(6), and ORCP 7 F(2)(b), (c) in a newspaper of general circulation in this District or in Memphis, Tennessee." *Id.*

On September 24, 2025, the Court granted the Service Motion. (ECF No. 29 (the "Service Order").) The Court extended the service deadline to November 6, 2025, and directed Plaintiffs to serve Wade by (1) by and through Michael Working via First Class U.S. Mail and Certified Mail Return Receipt Requested, and (2) via publication pursuant to FRCP 4(e)(1), ORCP 7 D(6), and ORCP 7 F(2)(b) and (c) in a newspaper of general circulation in this District or in Memphis, Tennessee.

On September 25, 2025, Plaintiffs caused true copies of the summons, complaint, scheduling order, and motion for publication to be mailed to the Wade Defendants by and through Michael Working via First Class U.S. Mail and Certified Mail Return Receipt Requested at 917 South Cooper Street, Memphis, Tennessee 38104. (ECF No. 30 ¶ 3.) USPS tracking confirms that the certified mailing was delivered to an individual at that address on September 30, 2025. (*Id.* Ex. 4.)

On October 22, 2025, Plaintiffs published the summons in The Oregonian. (*Id.* Exs. 1–2.) On October 29, 2025, prior counsel filed a declaration reporting the mailing and publication and attaching The Oregonian's affidavits of publication, the USPS certified-mail receipt, and USPS tracking results confirming delivery. *Id.*

On July 24, 2026, more than eight months after the proof of service was filed, counsel for Wade Defendants contacted Plaintiffs' counsel to confer before filing the instant motion to dismiss. Apart from Mr. Wade's statements about the case to the press the day after the original complaint was filed, this was the first communication Plaintiffs had received from Wade Defendants at all. (Third Mabe Decl. ¶ 13; Declaration of Tyler P. Francis in Support of Plaintiffs' Opposition to Wade Defendants' Motion to Dismiss ("Francis Decl.") ¶ 2-3.) Prior to this, Plaintiffs were unaware that Wade Defendants were taking the position that service of



**ANGELI & CALFO LLC**
121 SW Morrison St., Ste. 400
Portland, OR 97204
Tel +1.503.954.2232

process had been defective for any reason. (*Id.*) Wade Defendants filed the instant motion later that day. (ECF No. 66.)

## ARGUMENT

### I. The Wade Defendants were properly served.

Wade Defendants are correct that, in addition to serving Michael Working via First Class and Certified Mail Return Receipt Requested, the publication of the summons in The Oregonian occurred once rather than four times in successive calendar weeks as specified by ORCP 7 D(6)(a)(i)(A). However, Plaintiffs respectfully submit that the Wade Defendants were nevertheless properly served.

In *Baker v. Foy*, 310 Or. 221, 228–29 (1990), the Oregon Supreme Court established a two-step methodology for assessing the adequacy of service under ORCP 7 D. First, the court must determine if "the method in which service of summons was made [was] one of those methods described in ORCP 7 D(2), specifically permitted for use upon the particular defendant by ORCP 7 D(3), and accomplished in accordance with ORCP 7 D(2)." *Id*. at 228. If so, the service is presumptively adequate and, unless the defendant overcomes the presumption, service will be deemed effective. *Id.* at 229.

This is plainly not the situation here. Indeed, it was the inability of prior counsel to serve Wade Defendants by any of the methods specified by ORCP 7 D(2) and D(3) that led Plaintiffs to request (and this Court to grant) a motion for an order "allow[ing] alternative service by any method or combination of methods that, under the circumstances, is most reasonably calculated to apprise the defendant of the existence and pendency of the action." ORCP 7 D(6).

Accordingly, when evaluating service of process by means other than the presumptively adequate methods specified in ORCP 7 D(2) and ORCP 7 D(3), the Court must consider whether "the manner of service employed by plaintiff satisf[ies] the 'reasonable notice' standard of adequate service set forth in ORCP 7 D(1)." *Baker*, 310 Or. at 228. The inquiry focuses on whether plaintiff's conduct was objectively and reasonably calculated under the totality of the



**ANGELI & CALFO LLC**
121 SW MORRISON ST., STE. 400
PORTLAND, OR 97204
TEL +1.503.954.2232

circumstances existing at the time of attempted service to apprise defendants of the pendency of the action. *Davis Wright Tremaine, LLP v. Menken*, 181 Or. App. 332, 339 (2002).

Although this retrospective inquiry is analogous to the standard applied by the court *prospectively* when deciding a ORCP 7 D(6) motion for court-approved service by alternate means, *see Baker*, 310 Or. at 225 n.6, this (somewhat surprisingly) does not mean that service that complies with such an order issued pursuant to ORCP 7 D(6) is presumptively valid. *Davis Wright Tremaine*, 181 Or. App. at 337 n.5. “Instead, *Baker* seems to suggest that the adequacy of those alternative methods of service must always be evaluated, without the benefit of any presumption, under the reasonableness standard of ORCP 7 D(1).” *Id.*

Applying this standard, even if the Service Order required publication of the summons four times in successive calendar weeks, the Court should nonetheless conclude that the service that ultimately did occur was “objectively and reasonably calculated under the totality of the circumstances existing at the time of attempted service to apprise defendants of the pendency of the action” and thus satisfied the standard of adequate service set forth in ORCP 7 D(1). “Whether the totality of the circumstances indicates that the chosen method of service was reasonably calculated to give defendant notice of the action depends on what plaintiffs or plaintiffs’ process server knew at the time of service.” *River v. Boespflug*, 312 Or. App. 558, 565, 494 (2021) (citing *Baker*, 310 Or. at 225 n.6).

Here, in addition to publishing the summons in the Oregonian on October 22, 2025 (ECF No. 30 ¶ 2 & Exs. 1–2), Plaintiffs served Wade through Michael Working (his attorney in a then-active criminal case in Tennessee) by First Class U.S. Mail and Certified Mail Return Receipt Requested. (ECF No. 30 ¶ 3.) USPS tracking confirmed that the certified mailing was actually delivered to an individual at Working’s office on September 30, 2025. (*Id.* Ex. 4.) “[S]ervice on a third person may be adequate service under ORCP 7 D(1) if the plaintiff has reason to believe that the person to whom the summons and complaint have been delivered has ‘regular, frequent



**ANGELI & CALFO LLC**
121 SW MORRISON ST., STE. 400
PORTLAND, OR 97204
TEL +1.503.954.2232

and predictable contact with the defendant.'" *River*, 312 Or. App. at 565 (quoting *Hoeck v. Schwabe, Williamson & Wyatt*, 149 Or. App. 607, 617 (1997)).

Based on former counsel's investigation at the time of service, Wade's criminal-defense attorney was not a former or incidental contact; he was actively representing Wade in a pending criminal case. It was therefore reasonable for Plaintiffs to believe that Working had "regular, frequent, and predictable contact" with Wade and would promptly convey the summons and complaint. *Cf. Edwards v. Edwards*, 310 Or. 672 (1990) (inadequate service where documents were delivered to an attorney who had only *previously* represented the defendant in a completed dissolution matter).

And while prior counsel also published the summons in the Oregonian, the circumstances in this case make it clear that additional publication in a newspaper thousands of miles from the state where Wade is believed to reside and work would not have meaningfully increased the likelihood of apprising a Tennessee resident of the pendency of this action (or more accurately, *re-apprising* him, given the conclusive evidence that Wade was already well-aware of this case).

Wade Defendants cite a single case—*In re Meyers' Estate*, 197 Or. 520, 530 (1953)—for the proposition that "[b]ecause service by publication is a creature of statute rather than the common law, strict compliance with every requirement must affirmatively appear from the record." (Mot. at 5.) This rule is nearly 50 years out of date. *Meyers* was decided nearly a quarter of a century before the adoption of the current framework for service of process in 1979. Prior to this, service by publication was governed by a series of other (now-repealed) statutes that explicitly permitted service by publication, subject to a series of strictly enforced requirements. *See generally Kintigh v. Elliott*, 280 Or. 265, 267–70 (1977) (discussing ORS 15.120 (repealed 1979)).[4]

---

[4] *Meyers*, by its own terms, does not even specifically discuss ORS 15.120 (the then-existing statute providing for service by publication), but rather the then-existing statutory scheme for the termination of parental rights, which mandated service by publication in order to notify a nonconsenting out-of-state parent before terminating their parental rights.



**ANGELI & CALFO LLC**
121 SW Morrison St., Ste. 400
Portland, OR 97204
Tel +1.503.954.2232

This entire framework was discarded with the adoption of ORCP 7, which does not list service by publication as a presumptively adequate method pursuant to ORCP 7D(2) and ORCP 7D(3). Rather, Rule 7 permits—but does not require—service by publication as one possible "other method" the court may order under ORCP 7D(6). *See also* Fredric R. Merrill, *Jurisdiction and Summons in Oregon* 141, § 2.19 (1986) ("Publication is not a prima facie valid service method under Rule 7. Though it was at one time the primary alternative to the delivery of summons to the defendant, publication is now merely one of the several suggested alternatives if service cannot be made as specified in Rule 7.") Accordingly, the rule is not one of "strict compliance" with a particular set of statutory requirements, but rather whether "the manner of service employed by plaintiff satisf[ies] the 'reasonable notice' standard of adequate service set forth in ORCP 7 D(1)." *Baker*, 310 Or. at 228. As discussed above, the service that occurred here meets this standard.[5]

**II. Even if service was ineffective, dismissal is not the appropriate remedy.**

In the event the Court concludes that the failure to publish the summons over four consecutive weeks resulted in defective service under ORCP 7 D(1), the proper remedy is not dismissal but rather to extend the service deadline and permit Plaintiffs another opportunity to serve Wade Defendants.

The Ninth Circuit has "explained that 'Rule 4(m) provides two avenues for relief.'" *Crowley v. Bannister*, 734 F.3d 967, 976 (9th Cir. 2013) (quoting *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009)); *see also William v. County of Los Angeles*, No. 23-55155, 2024 WL 2862587, at *1 (9th Cir. June 6, 2024) (recognizing two avenues for relief). Rule 4(m)'s first avenue for relief is "mandatory: the district court must extend time for service upon a showing of good cause." *Crowley*, 734 F.3d at 976 (quoting *Lemoge*, 587 F.3d at 1198); *see also Hagewood v. Gore*, 781 F. App'x 673, 673-74 (9th Cir. 2019) (stating that "Rule 4(m) requires a

[5] The Motion fails to even *mention* the appropriate standard under ORCP 7 D(1), let alone address whether Plaintiffs have met it.



**ANGELI & CALFO LLC**
121 SW Morrison St., Ste. 400
Portland, OR 97204
Tel +1.503.954.2232

district court to grant an extension of time to effect service only if a plaintiff shows good cause for the delay" (citing *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001)).

Rule 4(m)'s second avenue is "discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Crowley*, 734 F.3d at 976 (quoting *Lemoge*, 587 F.3d at 1198); *see also Simmons v. City of Los Angeles*, No. 21-56272, 2023 WL 3316332, at *3 (9th Cir. May 9, 2023) ("Even if good cause is not established, 'the district court may extend time for service upon a showing of excusable neglect.'" (quoting *Lemoge*, 587 F.3d at 1198 and Fed. R. Civ. P. 6(b))).

**A. Good cause exists to extend the service period under Fed. R. Civ. P. 4(m).**

The Service Motion explicitly requested that the Court issue an Order permitting service "By and through his attorney Michael Working1 via First Class U.S. Mail and Certified Mail Return Receipt Requested to the following office address: 917 South Cooper Street, Memphis, TN 38104; or [i]n the alternative, via publication pursuant to FRCP 4(e)(1), ORCP 7 D(6), and ORCP 7 F(2)(b), (c) in a newspaper of general circulation in this District or in Memphis, Tennessee." (ECF No. 25.) The Service Motion did not explicitly request that the Court order that the summons be published any particular number of times and did not explicitly cite to ORCP 7 D(6)(a)(i)(A)'s language specifying publication of a summons four times in successive calendar weeks. *Id.* As detailed in the Third Mabe Declaration, former counsel's intention was therefore to request a Court order permitting service either by serving Mr. Working or by publicizing the summons *once*, either in this District or in Memphis, Tennessee, and former counsel reasonably believed that this was what was required to comply with the Service Order, which almost precisely tracked the language of the relief requested by the Service Motion. (Third Mabe Decl. ¶¶ 6–11.)

Accordingly, as of October 25, 2025, former counsel reasonably and in good faith believed that Wade Defendants had been properly served. And while Wade Defendants point to the fact seven months have elapsed between the prior service deadline and the instant Motion, at



**ANGELI & CALFO LLC**
121 SW Morrison St., Ste. 400
Portland, OR 97204
Tel +1.503.954.2232

no time during that period did Wade Defendants—who at all relevant times have had actual knowledge of this lawsuit—raise any objection or otherwise indicate that it was their position that service of process was defective. (*Id.* ¶ 13; Francis Decl. ¶ 2-3.) Accordingly, even if the Court concludes that Wade Defendants have not yet been properly served, good cause exists for the delay in service and therefore an extension is warranted under Fed. R. Civ. P. 4(m).

**B. A discretionary extension is warranted based upon excusable neglect.**

Even if the Court concludes that prior counsel erred in concluding that the summons need only be published once and that counsel's explanation for this error does not constitute good cause, the remedy is not automatic dismissal of the action. Rather, Fed. R. Civ. P. 4(m) permits the district court "broad discretion" to grant an extension of time even in the absence of good cause. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007); *In re Sheehan*, 253 F.3d at 513. In determining whether to grant a discretionary extension of service of process deadlines, Court "may consider several factors," including "(1) the length of the delay; (2) whether a reasonable explanation has been offered for the untimely service; (3) whether the party has shown reasonable diligence in attempting service; (4) a limitations bar; (5) prejudice to the defendant; (6) actual notice of the lawsuit; and (7) eventual service." *Niemeyer v. NW Permanente*, No. 3:23-CV-00815-IM, 2024 WL 665063, at *3 (D. Or. Feb. 16, 2024) (citing *Efaw*, 473 F.3d at 1041).

The *Efaw* factors favor a discretionary extension here. Even if it fails to establish "good cause," prior counsel's good-faith interpretation of the Court's Order at minimum provides a "reasonable explanation" for the untimely service. In addition, the time that has elapsed since the November 6, 2025 deadline is attributable to the Wade Defendants' delay in raising this issue, either with Plaintiffs or with the Court, and if the Court grants additional time Plaintiffs will promptly complete service on Wade Defendants in accordance with the Court's instructions.

Most significantly, while Wade Defendants point to the fact that Plaintiffs "received multiple extensions" in an attempt to suggest a lack of reasonable diligence in attempting



ANGELI & CALFO LLC
121 SW MORRISON ST., STE. 400
PORTLAND, OR 97204
TEL +1.503.954.2232

service, the record clearly establishes just the opposite. Wade has been aware of this lawsuit since the day after it was filed in April 2025. His interview with a local TV station indicated that he was not only aware of the lawsuit as a general matter, but had enough familiarity with its contents in order to opine that it was "chock full of lies" and "one of the worst I've seen in 49 years of practicing law" before threatening sanctions against Plaintiffs and their counsel. (Third Mabe Decl. ¶ 5; First Mabe Decl. ¶ 15.)

Despite his awareness of (and professed eagerness to participate in) this lawsuit, B.J. Wade has proven unusually difficult to locate for service of process—and not for lack of trying. As previously detailed in the Service Motion, between April and September 2025, prior counsel:

- Searched PACER, the Tennessee Bar Association and the Tennessee Board of Professional Responsibility ("TBPR") in order to locate contact information for B.J. Wade;
- Determined that Defendant Wade Law LLC is not a registered business entity with the Tennessee Secretary of State;
- Determined that current contact information/address that Defendants B.J. Wade and/or Wade Law LLC may have provided to the TBPR—the licensing body for attorneys practicing within the State of Tennessee—are not matters of public record or available to the public through its website;
- Filed a public records request directed to the TBPR, which was denied, as such information is only available to residents of the State of Tennessee;
- Located and, on June 9, 2025, attempted personal service at the residential address for B.J. Wade that was noted in the court's docket for an active and ongoing criminal case in Tennessee state court naming B.J. Wade as a defendant;
- Attempted personal service on B.J. Wade at an August 7, 2025, hearing scheduled in that Tennessee state criminal case;



**ANGELI & CALFO LLC**
121 SW Morrison St., Ste. 400
Portland, OR 97204
Tel +1.503.954.2232

- Emailed former counsel for codefendants Wampler, Carroll, Wilson & Sanderson, P.L.L.C. and J. Luke Sanderson[6] on several occasions seeking the address of Mr. Wade for personal service;
- Served Michael Working via First Class U.S. Mail and Certified Mail Return Receipt Requested; and
- Published the summons in the Oregonian on October 22, 2025.

(First Mabe Decl. ¶¶ 10-13; Second Mabe Decl. ¶¶ 4-8; Third Mabe Decl. ¶ 3, 12.) These efforts clearly establish Plaintiffs' "reasonable diligence in attempting service."

Accordingly, the Court should exercise its discretion to extend time for service pursuant to Fed. R. Civ. P. 4(m).

## CONCLUSION

For these reasons, the Court should deny the Wade Defendants' Motion to Dismiss. In the alternative, if the Court concludes that service was technically deficient, Plaintiffs respectfully request that the Court quash service and grant Plaintiffs additional time to complete service in accordance with the Court's instructions.

DATED: August 21, 2026.

Respectfully submitted,

*s/ Tyler P. Francis*

**ANGELI & CALFO LLC**
PETER D. HAWKES, OSB No. 071986
TYLER P. FRANCIS, OSB No. 162519

*Attorneys for Plaintiffs*

[6] Wampler, Sanderson, and Wade Defendants are now all represented by the same counsel.



**ANGELI & CALFO LLC**
121 SW MORRISON ST., STE. 400
PORTLAND, OR 97204
TEL +1.503.954.2232