Chad Colton, Bar No. 065774
Chad.Colton@ashurstperkins.com
David Watnick, Bar No. 223386
David.Watnick@ashurstperkins.com
Michael McCullough, Bar No. 225377
Michael.McCullough@ashurstperkins.com
Josephine C. Kovacs, Bar No. 193960
Josi.Kovacs@ashurstperkins.com
**ASHURST PERKINS COIE US LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: (503) 727-2000

*Attorneys for Specially Appearing Defendants*
*Wade Law, LLC and B.J. Wade*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

BAEK FAMILY PARTNERSHIP, LLC, an Oregon limited liability company, AB HOLLYWOOD, LLC, an Oregon limited liability company, MY, LLC, an Oregon limited liability company, and THE PENNEY KIM TRUST, by and through its Trustee, PENNEY KIM, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

WAMPLER, CARROLL, WILSON & SANDERSON, P.L.L.C., a Tennessee professional corporation, WADE LAW, LLC, a Tennessee limited liability company, J. LUKE SANDERSON, an individual, B.J. WADE, an individual, JESSICA MOLLIGAN, an individual, and JOHN DOES 1-50,

Defendants,

v.

CONNER SLEVIN, an individual, and JOHN DOES 51-100,

Nominal Defendant.

Case No. 3:25-cv-00584-AN

**DEFENDANTS WADE LAW, LLC AND B.J. WADE'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER SERVICE OF PROCESS**

## INTRODUCTION

Plaintiffs' Opposition confirms the dispositive fact: service by publication occurred only once rather than four times in successive calendar weeks as required by ORCP 7 D(6)(a)(i)(A) and the Court's Service Order. Opp'n at 5; ECF 74. Plaintiffs ask this Court to excuse that deficiency by recharacterizing the inquiry as one of "general reasonableness" under ORCP 7 D(1) and by pointing to Wade's knowledge of this lawsuit. Neither argument has merit. Court-ordered alternative service by publication exists as a last resort, invoked only because Plaintiffs themselves represented that service could not be accomplished by any other available means—including the very reasonableness standards they now invoke. Having obtained such an order and having failed to comply with its explicit terms, Plaintiffs cannot retroactively rewrite the applicable standard to avoid the consequences of their noncompliance. Service is deficient as a matter of law, and the Complaint against Wade should be dismissed.

## ARGUMENT

### I. Plaintiffs' "General Reasonableness" Argument Fails Because Court-Ordered Service by Publication Is a Last Resort—And Plaintiffs Concededly Failed to Comply with It.

Plaintiffs devote the bulk of their Opposition to arguing that service was adequate under the general "reasonable notice" standard of ORCP 7 D(1). Opp'n at 5–8. This argument fundamentally misapprehends the procedural posture of this case. Under the Oregon Rules of Civil Procedure, a plaintiff may seek court-ordered alternative service under ORCP 7 D(6) only "[w]hen it appears that service is not possible under any method otherwise specified" in ORCP 7 or in any applicable statute. ORCP 7 D(6); *see also Estate of Hutchins v. Fargo*, 188 Or. App. 462, 467 (2003). The affidavit supporting such a motion must contain "positive averments of probative or evidentiary facts from which a court can conclude that all reasonable means have been exhausted



**Ashurst Perkins Coie US LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

in attempting to locate the defendant for service.” *Id.* (quoting *Huffman v. Leon De Mendoza*, 135 Or. App. 680, 684 (1995)). In other words, court-ordered alternative service—including service by publication—is available only as a last resort, after all other methods under ORCP 7, including the general reasonableness provisions Plaintiffs now cite, have been exhausted. The very existence of the Court’s Alternative Service Order necessarily presupposes that the “general reasonableness” methods of service under ORCP 7 D(1)–D(3) were unavailable.

This is not a theoretical point. Plaintiffs’ own September 9, 2025 Service Motion expressly represented to this Court that they could not effectuate service through any method otherwise specified in ORCP 7. ECF 25. Plaintiffs described in detail their inability to locate Wade for personal service or any other method, and on that basis requested court-ordered alternative service. *Id.* The Court granted that motion on September 24, 2025 (ECF 29), after finding that all standard forms of service—including under ORCP 7 D(1)—had been exhausted. *Hutchins*, 188 Or. App. at 467. Having obtained court-ordered alternative service by expressly representing that no other method was feasible, Plaintiffs cannot now argue that their partial, deficient attempt at publication was nonetheless adequate under those same general provisions.

Plaintiffs do not deny that the Court’s Service Order required publication “pursuant to . . . Oregon Rule of Civil Procedure 7 D(6).” ECF 29. They do not deny that ORCP 7 D(6)(a)(i)(A) requires the summons to “be published four times in successive calendar weeks.” And they concede that publication occurred only once, on October 22, 2025. Opp’n at 6. These concessions are dispositive. When the Court orders service by a specific alternative method, compliance with that method is what the law requires. *In re Meyers’ Estate*, 197 Or. 520, 530 (1953) (service by publication is a creature of statute and thus requires strict compliance). ORCP 7 D(6)(a)(i)(A) is unambiguous: “The summons ***must*** be published four times in successive calendar weeks.”



**Ashurst Perkins Coie US LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

(emphasis added). Plaintiffs published once. The Court's Order incorporated this requirement by express reference. Service is therefore deficient on its face.

Plaintiffs' citation to *Davis Wright Tremaine, LLP v. Menken* undercuts rather than supports their position. Opp'n at 6. In that case, the Court of Appeals held that service was invalid even though the plaintiff complied with the trial court's order authorizing alternative service under ORCP 7 D(6). 181 Or. App. 332, 337–38 (2002). The court reasoned that a court order authorizing service under ORCP 7 D(6) does not render that form of service "presumptively valid," and "the adequacy of . . . alternative methods of service must always be evaluated, without the benefit of any presumption, under the reasonableness standard of ORCP 7 D(1)." *Id.* at 337–38 n.5–6. Critically, the plaintiff in *Davis Wright Tremaine* at least complied with the court's order; Plaintiffs here did not. If service was invalid under ORCP 7 D(1) when the plaintiff in *Davis Wright Tremaine* ***complied*** with the court's alternative service order, service should also be invalid here where Plaintiffs ***failed to comply*** with the Court's alternative service order.

Finally, Plaintiffs' repeated emphasis on Wade's "actual knowledge" of this lawsuit (Opp'n at 2, 10) is legally irrelevant. Under well-established Oregon authority, "actual notice is, essentially, irrelevant" to the sufficiency of service analysis. *Davis Wright Tremaine*, 181 Or. App. at 338–39 (citing *Jordan v. Wiser*, 302 Or. 50, 60 (1986)). Federal law is in accord: "Neither actual notice, nor simply naming the person in the caption of the complaint, will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (internal citations omitted).



**Ashurst Perkins Coie US LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

## II. Plaintiffs Have Had Ample Opportunity to Properly Serve Wade and Have Failed to Do So.

In light of the procedural history of this case, Plaintiffs' failure to properly serve the Wade Defendant supports dismissal rather than another extension: The original service deadline was July 9, 2025 (ECF 10); the Court granted a first extension to September 7, 2025 (ECF 13); Plaintiffs failed to serve Wade within that period and belatedly moved for a second extension on September 9, 2025—two days late (ECF 25); the Court granted the second extension, moved the deadline to November 6, 2025, and provided explicit instructions for how to accomplish service—(1) mailing through Michael Working, and (2) publication satisfying ORCP 7 D(6) (ECF 29); Plaintiffs then published the summons only once, on October 22, 2025, rather than the four times the Court's Order required (ECF 30); and the November 6, 2025 deadline expired more than nine months ago without Plaintiffs taking any corrective action. In sum, Plaintiffs have received two court-ordered extensions, an express judicial directive specifying the precise method of service required, and more than sixteen months since the Complaint was filed—and at every turn, they have failed to properly effectuate service.

Plaintiffs attempt to shift responsibility by noting that Wade's counsel did not raise the service objection until July 2026. Opp'n at 9–10. This is a red herring. The burden of establishing valid service rests on a plaintiff, not on a defendant. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). A defendant has no obligation to alert a plaintiff to deficiencies in the plaintiff's own service. Nor does prior counsel's misunderstanding of the Court's Order constitute good cause or excusable neglect. "[I]nadvertence of counsel, an attorney's ignorance of the rules of service, and an attorney's failure to read the applicable rules of civil procedure do not constitute excusable neglect" or good cause. *McDonald v. Shelton*, No. 3:18-cv-01872-BR, 2019 WL 1929953 at *3



**Ashurst Perkins Coie US LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

(D. Or. Apr. 30, 2019) (citing *Townsel v. Cnty. of Contra Costa*, 820 F.2d 319, 320 (9th Cir. 1987)). The Service Order expressly cited ORCP 7 D(6), which unambiguously requires four publications.

Courts in this district readily dismiss complaints for similar failures to "exercise[] diligence in serving [the] defendant" for months on end. *See Roland v. First-Citizens Bank & Tr. Co.*, No. 6:23-cv-00011-AA, 2024 WL 942094 at *4 (D. Or. Mar. 5, 2024). Plaintiffs have already received multiple extensions and an express directive that they failed to follow. Dismissal—not another opportunity to cure—is the appropriate remedy at this stage of the case.

## CONCLUSION

For the foregoing reasons, specially appearing Defendants Wade Law, LLC and B.J. Wade respectfully request that the Court grant their Motion to Dismiss the Complaint for improper service of process.

DATED: September 4, 2026.

**ASHURST PERKINS COIE US LLP**

By: */s/ Chad Colton*
Chad Colton, Bar No. 065774
Chad.Colton@ashurstperkins.com
David Watnick, Bar No. 223386
David.Watnick@ashurstperkins.com
Michael McCullough, Bar No. 225377
Michael.McCullough@ashurstperkins.com
Josephine C. Kovacs, Bar No. 193960
Josi.Kovacs@ashurstperkins.com
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: (503) 727-2000

*Attorneys for Specially Appearing Defendants Wade Law, LLC and B.J. Wade*